# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| EDWARD ALAN BUCK,<br><br>Plaintiff,<br><br>v.<br><br>KENTUCKY HORSE RACING COMMISSION, ROBERT M. BECK JR., EDWARD S. BONNIE, F. THOMAS CONWAY, TRACY FARMER, WADE HOUSTON, NEIL HOWARD, FRANK L. JONES JR., FRANKLIN S. KLING JR., ALAN LEAVITT, ELIZABETH S. LEVIN, FOSTER NORTHROP, JOHN PHILLIPS, MICHAEL PITINO, BURR TRAVIS JR., JOHN T. WARD JR., MARC A. GUILFOIL, and SUSAN SPECKERT,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:13-cv-342-CW-PMW<br><br><br><br><br><br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Defendants' motion to dismiss,[2]

---

[1] *See* docket no. 4.

[2] *See* docket no. 6.

(2) Plaintiff's motion to strike Defendants' motion to dismiss,[3] (3) Plaintiff's motion for leave to amend his complaint,[4] (4) Plaintiff's motion for a preliminary injunction,[5] and (5) Plaintiff's motion for summary judgment.[6] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

On May 23, 2013, Plaintiff filed his original complaint in this case alleging claims against the Kentucky Horse Racing Commission ("KHRC").[7] Plaintiff alleges that the KHRC is an independent agency of the Kentucky state government. Plaintiff has also asserted claims against Robert M. Beck Jr., Edward S. Bonnie, F. Thomas Conway, Tracy Farmer, Wade Houston, Neil Howard, Frank L. Jones Jr., Franklin S. Kling Jr., Alan Leavitt, Elizabeth S. Levin, Foster Northrop, John Phillips, Michael Pitino, Burr Travis Jr., John T. Ward Jr., Marc A.

---

[3] *See* docket no. 11.

[4] *See* docket no. 13.

[5] *See* docket no. 19.

[6] *See* docket no. 22.

[7] *See* docket no. 3.

Guilfoil, Susan Speckert (collectively, "Individual Defendants") in their individual capacities and official capacities with the KHRC.[8]

Plaintiff alleges that, in 2002, he was informed that the KHRC regulations in effect at the time did not prohibit the use of his bitless bridle in horse racing in Kentucky. Plaintiff contends that, after 2002, he did not sell any of his bitless bridles for racing in Kentucky. Plaintiff asserts that, in October 2012, he learned that a Kentucky Administrative Regulation does not allow war bridles and bitless bridles to be used in horse racing in Kentucky. Plaintiff avers that he attempted to contact the KHRC by letter and by telephone in October, November, and December 2012, but did not resolve his concerns regarding the use of bitless bridles with the KHRC. Plaintiff contends that Defendants' actions demonstrate a willful, knowing, intentional, and malicious effort to injure Plaintiff and his ability to market and sell his bitless bridle in Kentucky.

Based on those factual allegations, Plaintiff asserts a due process claim against Defendants. In that cause of action, Plaintiff alleges that Defendants failed to hold hearings regarding the use of bitless bridles in horse racing in Kentucky and that Defendants inadequately responded to Plaintiff's efforts to change the Kentucky Administrative Regulation regarding the use of bitless bridles. Plaintiff also asserts a cause of action under the Kentucky Consumer Protection Act against Defendants, alleging that Defendants are liable for misleading the public regarding the use of bitless bridles in horse racing in Kentucky. Plaintiff further alleges that Defendants unfairly refused to take any action with respect to the Kentucky Administrative Regulation regarding the use of bitless bridles. Finally, Plaintiff asserts common law causes of

---

[8] The KHRC and Individual Defendants will be referred to collectively as "Defendants" in this report and recommendation.

3

action for misrepresentation and interference with prospective economic advantage, alleging that the Kentucky Administrative Regulation regarding the use of bitless bridles interferes with his ability to sell his bitless bridles in Kentucky.

Plaintiff asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337. In his prayer for relief, Plaintiff seeks an award of actual damages and punitive damages against Defendants.

On August 1, 2013, Defendants' filed their motion to dismiss Plaintiff's original complaint. Subsequently, Plaintiff filed four motions. On September 6, 2013, Plaintiff filed a motion to strike Defendants' motion to dismiss. On October 21, 2013, Plaintiff filed a motion to amend his complaint to add a claim under the Sherman Act. On January 22, 2014, Plaintiff filed a motion for a preliminary injunction. Finally, on February 18, 2014, Plaintiff filed a motion for summary judgment.

## ANALYSIS

### I. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's original complaint pursuant to rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(6). The court will review the portions of Defendants' motion in turn.

#### A. Rule 12(b)(1)

Defendants argue that Plaintiff's complaint should be dismissed in its entirety pursuant to rule 12(b)(1) for lack of subject matter jurisdiction. Defendants further argue that the court lacks subject matter jurisdiction over Plaintiff's claims against the KHRC and the Individual

Defendants in their official capacities because those claims are barred by the Eleventh Amendment.

The following legal standards govern Defendants' rule 12(b)(1) motion.

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a [motion under rule 56 of the Federal Rules of Civil Procedure].

*Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citations omitted).

As noted above, Defendants first argue that Plaintiff has failed to establish that this court has subject matter jurisdiction in this case. Plaintiff asserts that this court has subject matter jurisdiction under 28 U.S.C. § 1337. Pursuant to that statute, "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). Therefore, "[t]o give rise to Federal jurisdiction under [28 U.S.C.] § 1337, . . . the basis of the action must concern the validity, construction or enforcement of a statute regulating commerce." *Adams v. Int'l Bd. Of Boilermakers*, 262 F.2d 835, 839 (10th Cir. 1958).

In this case, subject matter jurisdiction does not exist under 28 U.S.C. § 1337 because Plaintiff's original complaint does not concern an "Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). Plaintiff's first and second causes of action are directly connected to and dependent only upon the enforcement of Kentucky state statutes. Plaintiff's third and fourth causes of action are common law claims. None of those claims are related to any type of Congressional Act enumerated in 28 U.S.C. § 1337(a). Accordingly, the court concludes that Plaintiff has failed to carry his burden of proof to establish that this court has subject matter jurisdiction under 28 U.S.C. § 1337. *See Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." (quotations and citation omitted)). Accordingly, this portion of Defendants' motion to dismiss should be granted, and all of Plaintiff's claims against Defendants should be dismissed.

Second, Defendants argue that the court lacks subject matter jurisdiction over Plaintiff's claims against the KHRC and the Individual Defendants in their official capacities because those claims are barred by the Eleventh Amendment. "The Eleventh Amendment renders a state immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003) (quotations and citation omitted). Eleventh Amendment immunity

> encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities. Thus, when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

*Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (quotations and citations omitted). "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).

In this case, the KHRC is a state entity that is protected from suit by the Eleventh Amendment. The KHRC is a state agency in the Public Protection Cabinet. *See* KRS § 230.225(1). The KHRC was created by the Kentucky General Assembly and tasked with the responsibility "to regulate the conduct of horse racing and pari-mutuel wagering on horse racing, and related activities within the Commonwealth of Kentucky." *Id*. The KHRC is vested with "forceful control of horse racing" in Kentucky and "plenary power to promulgate administrative regulations prescribing conditions under which all legitimate horse racing and wagering thereon is conducted" in Kentucky. KRS § 230.215(2). The Individual Defendants in their official capacities, as members and employees of the KHRC, are also protected from suit by the Eleventh Amendment for their actions on behalf of the KHRC. The Individual Defendants are state officials who are appointed by the Governor. *See* KRS § 12.070; *see also* KRS §§ 12.040, 12.050. The Executive Director of the KHRC is also appointed by the Governor and has the authority to appoint all other staff of the KHRC. *See* KRS § 230.230(1). Because the KHRC is a state entity and the Individual Defendants have been named in their official capacities with the KHRC, the Eleventh Amendment bars Plaintiff's claims against them.

The nature of the relief that Plaintiff seeks from the KHRC and the Individual Defendants in their official capacities further demonstrates that Plaintiff's claims are barred under the

Eleventh Amendment because the claims are asserted against the state as the real party in interest, not against Defendants separately. The Tenth Circuit has held that the type of relief sought in the complaint can indicate whether the state or the named defendants are the real party to the claim for relief. *See LaFavre v. Kan.*, 6 Fed. App'x 799, 803 (10th Cir. 2001).

> The determination as to whether the state is the real party in interest depends on the type of relief sought. Suits that seek prospective relief are deemed to be suits against the official, while suits that seek retroactive relief are deemed to be suits against the state. Furthermore, if the relief sought is to be money damages paid by the state, then the state is the real party in interest.

*Id*. (quotations and citations omitted). Thus, if the relief sought by a plaintiff is money damages paid by the state, rather than injunctive relief sought against an individual in their official capacity, the state is the real party in interest. *See id*. In such a case, the Eleventh Amendment bars the action, unless the state waives its sovereign immunity. *See id*. at 804-805.

In this case, Plaintiff seeks the recovery of compensatory and punitive damages in each of his causes of action asserted against the KHRC and the Individual Defendants in their official capacities. Therefore, Plaintiff's claims are asserted against the state and are subject to the Eleventh Amendment's prohibition of actions against the state. Kentucky has not waived its sovereign immunity as to the claims that Plaintiff has asserted. Therefore, this court lacks subject matter jurisdiction to adjudicate Plaintiff's claims against the KHRC and the Individual Defendants in their official capacities.

In his reply memorandum, Plaintiff argues that a state waives the protection of the Eleventh Amendment by participating in interstate commerce. As noted by Defendants, that argument contradicts Supreme Court precedent. In *Seminole Tribe of Florida v. Florida*, the Supreme Court addressed Plaintiff's contention. *See* 517 U.S. 44, 61, 72-73 (1996). In that case,

the Supreme Court held that the Commerce Clause cannot be invoked to overcome the immunity provided to states by the Eleventh Amendment. *See id*. at 72-73 ("Even when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." (footnote omitted)). Accordingly, the alleged participation in interstate commerce by the KHRC and the Individual Defendants in their official capacities does not affect the protections that are afforded to them by the Eleventh Amendment.

Because all of Plaintiff's claims against KHRC and the Individual Defendants in their official capacities are barred by the Eleventh Amendment, the court concludes that Plaintiff has failed to carry his burden of proof to establish that this court has subject matter jurisdiction over those claims. *See Delgado*, 428 F.3d at 919. Accordingly, this portion of Defendants' motion to dismiss should be granted, and all of Plaintiff's claims against the KHRC and the Individual Defendants in their official capacities should be dismissed.

### B. Rule 12(b)(2)

Defendants next argue that Plaintiff's claims against the Individual Defendants in their individual capacities should be dismissed under rule 12(b)(2) for lack of personal jurisdiction. The following legal standards govern Defendants' rule 12(b)(2) motion.

"Where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal

jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id*. at 1056-57. "When evaluating the prima facie case, the court is bound to resolve all factual disputes in favor of the plaintiff in determining whether he has made the requisite showing." *Id*. "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystyal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (quotations and citation omitted). Utah's long-arm statute authorizes "jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code § 78B-3-201(3). "Consequently, the [court] need not conduct a statutory analysis apart from the due process analysis." *Bowers*, 643 F.3d at 763 (quotations and citation omitted).

> The due process analysis consists of two steps. First, [the court] consider[s] whether the defendant has such minimum contacts with the forum state that he should reasonably anticipate being haled into court there. This minimum-contacts standard may be satisfied by showing general or specific jurisdiction. Second, if the defendant has the minimum contacts with the forum state, [the court] determine[s] whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Id*. (quotations and citations omitted).

"The exercise of jurisdiction over a nonresident defendant must satisfy the minimum contacts standard to comport with due process." *Weldon v. Ramstad-Hvass*, 512 Fed App'x 783, 787 (10th Cir. 2013). "[A] court may maintain general jurisdiction over a nonresident defendant, based on the defendant's continuous and systematic general business contacts with the forum state." *Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006) (quotations and citation omitted).

> Absent systematic and continuous activity in the forum state, "[t]he minimum contacts necessary for specific jurisdiction may be established where the defendant had purposely directed its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."

*Weldon*, 512 Fed App'x at 787 (quoting *Trujillo*, 465 F.3d at 1218) (alteration in original).

In this case, the court concludes that Plaintiff's original complaint fails to establish personal jurisdiction over the Individual Defendants in their individual capacities because he has not demonstrated that they had the necessary minimum contacts with Utah. The allegations of the original complaint show that Plaintiff has repeatedly reached out to the Individual Defendants when they were located in the State of Kentucky. The original complaint does not allege that any of the Individual Defendants have conducted any business with Plaintiff in Utah. The original complaint contains no allegations, conclusory or otherwise, that could establish any contacts by the Individual Defendants with the State of Utah. The allegations of the Complaint relate exclusively to actions that took place in Kentucky. Put simply, the allegations of the original complaint, even when construed in Plaintiff's favor, show that the Individual Defendants have taken no action that would give them any reasonable anticipation that they would be "haled into court" in Utah. *Bowers*, 643 F.3d at 763 (quotations and citation omitted).

Accordingly, the court concludes that this portion of Defendants' motion should be granted, and all of Plaintiff's claims against the Individual Defendants in their individual capacities should be dismissed.

### C. Rule 12(b)(6)

Finally, Defendants argue that Plaintiff's claims against the Individual Defendants in their individual capacities should be dismissed pursuant to rule 12(b)(6) for failure to state claims upon which relief can be granted. The following legal standards govern Defendants' rule 12(b)(6) motion.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court recognized that while the pleading standard contained in rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. (quoting *Twombly*, 550 U.S. at 555, 557, 570) (alteration in original).

In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-*

*Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). At the same time, the court is not required to accept conclusory allegations without supporting facts. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because Plaintiff is proceeding pro se in this case, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Bellmon*, 935 F.2d at 1110; *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

Plaintiff's original complaint alleges that the Individual Defendants are named in both their individual and official capacities. However, the original complaint does not identify any actions that any of the Individual Defendants took when acting in their individual capacities. Instead, the original complaint focuses exclusively on Plaintiff's alleged interactions with and grievances against the KHRC and the Individual Defendants when acting in their official capacities. Accordingly, the court concludes that Plaintiff has failed to state claims upon which relief can be granted against the Individual Defendants in their individual capacities. Therefore, this portion of Defendants' motion should be granted, and all of Plaintiff's claims against the Individual Defendants in their individual capacities should be dismissed.

### D. Conclusion

For all of the foregoing alternative reasons, the court concludes that Defendants' motion to dismiss should be granted. Plaintiffs' complaint in this case should be dismissed in its entirety.

### II. Plaintiff's Motion to Strike Defendants' Motion to Dismiss

In this motion, Plaintiff seeks a court order pursuant to rule 12(f) of the Federal Rules of Civil Procedure striking Defendants' motion to dismiss. *See* Fed. R. Civ. P. 12(f). As noted by Defendants, the relief requested by Plaintiff is not allowed under that rule.

In relevant part, rule 12(f) provides that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. (emphasis added). Rule 7(a) of the Federal Rules of Civil Procedure identifies "pleadings" that are allowed, but does not include a motion to dismiss as one of those "pleadings." Fed. R. Civ. P. 7(a).

The Tenth Circuit has considered a motion similar to the instant motion. *See Searcy v. Social Sec. Admin.*, No. 91-4181, 1992 U.S. App. LEXIS 3805, at *5 (10th Cir. Mar. 2, 1992). In *Searcy*, the Tenth Circuit affirmed the denial of a motion to strike and quoted the following passage from a magistrate judge's report and recommendation as the opinion of the court:

> [T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda; only motions to strike unsigned papers under Rule 11, third-party claims under Rule 14(a), and certain matters in pleadings under Rule 12(f) are contemplated by the Federal Rules of Civil Procedure. Motions and memoranda are not included within the definition of "pleading" under [Rule] 7(a).

*Id*.

For the same reasons set forth in *Searcy*, the court concludes that Plaintiff's motion to strike Defendants' motion to dismiss is not authorized by rule 12(f) and, therefore, should be denied.

### III. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff moves the court for leave to amend his complaint to add a claim under the Sherman Act. That motion is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

Defendants argue that Plaintiff's motion should be denied because it is futile. For the following reasons, the court agrees. First, for many of the same reasons set forth in the court's analysis of Defendants' motion to dismiss, any new claims brought by Plaintiff under the Sherman Act would be subject to dismissal.

Second, any new claims brought by Plaintiff under the Sherman Act would be barred by the Supreme Court's decision in *Parker v. Brown*, 317 U.S. 341 (1943). In that case, the Supreme Court concluded that the Sherman Act was not intended to apply to state action. *See id.* at 350-51 ("We find nothing in the language of the Sherman Act or in its history which suggests

that its purpose was to restrain a state or its officers or agents from activities directed by its legislature. . . . The Sherman Act makes no mention of the state as such, and gives no hint that it was intended to restrain state action or official action directed by a state."); *see also Fed. Trade Comm'n v. Phoebe Putney Health Sys., Inc.*, 133 S. Ct. 1003, 1010-11 (2013); *Pharm. & Diagnostic Servs., Inc. v. Univ. of Utah*, 801 F. Supp. 508, 513-14 (D. Utah 1990). In this case, Defendants acted pursuant to legislative authorization that explicitly granted the KHRC with "plenary power" to govern horse racing in Kentucky. KRS § 230.215(2) ("It is hereby declared the purpose and intent of this chapter in the interest of the public health, safety, and welfare, to vest in the racing commission forceful control of horse racing in the Commonwealth with plenary power to promulgate administrative regulations prescribing conditions under which all legitimate horse racing and wagering thereon is conducted in the Commonwealth . . . ."). Because the Kentucky state legislature anticipated and authorized Defendants to engage in anticompetitive behavior, a claim under the Sherman Act would be barred. *See Parker*, 317 U.S. at 350-51.

For these reasons, the court concludes that Plaintiff's proposed amended complaint would be subject to dismissal and, therefore, its filing would be futile. Therefore, Plaintiff's motion for leave to amend his complaint should be denied.

### IV. Plaintiff's Motion for Preliminary Injunction

Plaintiff moves the court for a preliminary injunction against Defendants under rule 65(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 65(a).

> It is well established that in order to obtain a preliminary injunction, the moving party must establish four factors: (1) it will suffer irreparable harm if the injunction is not granted, (2) its threatened injury outweighs the harm caused to the opposing party

16

as a result of the injunction, (3) the injunction is not adverse to the
public interest, and (4) it has a substantial likelihood of success on
the merits of the case.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1258 (10th Cir. 2004). Further, "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Id*. at 1259 (quotations and citation omitted).

In this case, the court need not address all of the foregoing factors. The court has concluded that Defendants' motion to dismiss should be granted and that Plaintiff's complaint in this case should be dismissed in its entirety. Accordingly, it logically follows that the court believes that Plaintiff does not have any likelihood, let alone a substantial likelihood, of success on the merits of this case. Therefore, Plaintiff's motion for a preliminary injunction should be denied.

## V. Plaintiff's Motion for Summary Judgment

Again, the court has concluded that Defendants' motion to dismiss should be granted and that Plaintiff's complaint in this case should be dismissed in its entirety. Accordingly, it is obvious that the court does not believe Plaintiff is entitled to summary judgment. Therefore, Plaintiff's motion for summary judgment should be denied.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss[9] be **GRANTED**, and Plaintiff's complaint in this case be **DISMISSED** in its entirety.

---

[9] *See* docket no. 6.

2. Plaintiff's motion to strike Defendants' motion to dismiss[10] be **DENIED**.

3. Plaintiff's motion for leave to amend his complaint[11] be **DENIED**.

4. Plaintiff's motion for a preliminary injunction[12] be **DENIED**.

5. Plaintiff's motion for summary judgment[13] be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of March, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[10] *See* docket no. 11.

[11] *See* docket no. 13.

[12] *See* docket no. 19.

[13] *See* docket no. 22.