IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDWARD ALAN BUCK,<br><br>Plaintiff,<br><br>v.<br><br>KENTUCKY HORSE RACING COMMMISSION, ROBERT M. BECK JR., EDWARD S. BONNIE, F. THOMAS CONWAY, TRACY FARMER, WADE HOUSTON, NEIL HOWARD, FRANK L. JONES JR., FRANKLIN S. KLING JR., ALAN LEAVITT, ELIZABETH S. LEVIN, FOSTER NORTHROP, JOHN PHILLIPS, MICHAEL PITINO, BURR TRAVIS JR., JOHN T. WARD JR., MARC A. GUILFOIL, and SUSAN SPECKERT,<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-cv-00342-CW-PMW<br><br>Judge Clark Waddoups |

This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Dkt. No. 4.) Defendants moved to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 6.) Plaintiff moved to strike Defendants' Motion to Dimiss (Dkt. No. 11), for leave to amend his complaint to add a Sherman Act claim (Dkt. No. 13), for a preliminary injunction (Dkt. No. 19), and for summary judgment (Dkt. No. 22). On March 3, 2014, Judge Warner issued a Report and Recommendation recommending that the court grant Defendants' Motion to Dismiss as to each of the asserted grounds and deny all of Plaintiff's motions. (Dkt. No. 23.)

Because Plaintiff is proceeding *pro se*, the court has liberally construed his pleadings

1

consistent with Judge Warner's approach, holding them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Moreover, the court will only dismiss Plaintiff's Complaint for failure to state a claim where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *Conley v. Gisbson*, 335 U.S. 41, 45-46 (1957)). Simultaneously, however, the court will not adopt the role of advocate for Plaintiff. *Id.* at 1110.

Plaintiff filed a Response to Judge Warner's Report and Recommendation, which was in essence an Objection that reemphasized arguments raised in his pleadings and which were considered and rejected by Judge Warner. (Dkt. No. 24.) The court is not persuaded by Plaintiff's internally contradictory, confused, and unavailing objections. For the reasons stated in Judge Warner's Report and Recommendation, Plaintiff has failed to allege facts sufficient to show either subject matter or personal jurisdiction. Because the court lacks jurisdiction, it is unnecessary to reach the additional bases upon which Defendants move. Any ruling on those motions would be without jurisdictional authority.

The court must therefore, upon a *de novo* review of Judge Warner's findings and analysis, dismiss the case for lack of jurisdiction and the court therefore APPROVES AND ADOPTS Judge Warner's Report and Recommendation on finding a lack of jurisdiction. (Dkt. No. 23.) This case is DISMISSED and all pending motions terminated as moot. (Dkt. Nos. 11, 13, 19, 22.) The case is closed.

SO ORDERED this 15th day of September, 2014.

        BY THE COURT:

        _____
        Clark Waddoups
        United States District Judge